UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JESUS EVENOR MORALES CRUZ,

    Petitioner,

v.                                                                           No. 6:26-CV-190-H

MARKWAYNE MULLIN, et al.,

    Respondents.

### ORDER

Before the Court is Jesus Evenor Morales Cruz's petition for a writ of habeas corpus. Dkt. No. 1.[1] The petition challenges his detention without "custody review before a neutral decision maker at which the government bears the burden of demonstrating that continued detention is reasonably necessary to effectuate removal." *Id.* at 6. As of March 20, 2026, Morales Cruz is subject to a final order of removal. *See id.* at 4. Morales Cruz concedes that he is subject to detention during the 90-day "removal period." *Id.* at 5. 8 U.S.C. § 1231(a)(2)(A). And binding Supreme Court precedent states that "[d]uring the removal period, detention is mandatory." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).

The Supreme Court has expressly acknowledged that mandatory detention during the removal period applies "broadly to aliens ordered removed for many and various reasons," irrespective of dangerousness or flight risk. *Zadvydas*, 533 U.S. at 690–92.

---

[1] The six-page petition bears many of the common hallmarks of the careless use of generative artificial intelligence: idiosyncratic bolding of phrases, formatting irregularities, and a tenuous grasp of the relevant legal authorities. *See* Dkt. No. 1. The Court advises petitioner's counsel, Michael B. Piri, to carefully review the relevant provisions of the Immigration and Nationality Act, as well as key Supreme Court precedents like *Zadvydas v. Davis*, 533 U.S. 678 (2001), before filing any future habeas petitions. *See also* Tex. Disciplinary Rs. Prof. Conduct 1.01(a), 3.01.

Addressing the constitutional questions raised by potentially indefinite detention, *Zadvydas* recognized a "presumptively reasonable period of detention" of six months. *Id.* at 701. Even so, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* No part of the statute, *Zadvydas*, or the Due Process Clause requires the periodic custody review that Morales Cruz demands. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("It is presumptively constitutional for an alien to be detained for six months after a final order of removal.").

Therefore, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on May 6, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 2 –